IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JERRY HAGLER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:07-cv-365-WKW |
| | ) |
| PALISADES COLLECTION, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is Defendant's Motion to Dismiss or, in the Alternative, Motion to Stay Proceedings (Doc. # 5). Defendant represents that the parties are engaged in state court litigation "regarding the debt which is the subject of this action" and "if Defendant is able to prove its case in Houston County Circuit Court and is awarded a judgment in that case, that the allegations that Defendant has violated the Fair Debt Collection Practices Act in the collection of this debt, would be moot and Plaintiff's claims herein would be resolved." (Def. Mot. ¶¶ 1, 4.) Defendant concludes that appropriate action by this court would be dismissal without prejudice, in the event the plaintiff prevails in state court, or a stay of proceedings pending final resolution and appeal of the state court action. (*Id.* ¶ 5.) Defendant states no basis for its motions, other than such a dismissal or stay would be "[i]n the interest of judicial economy." (*Id.*)

The defendant is apparently requesting federal court abstention pursuant to the *Colorado River* doctrine. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004) (internal

quotation marks omitted) (citing *Colorado River*, 424 U.S. at 817). "Federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Id.* (quoting *Colorado River*, 424 U.S. at 817). "[T]o yield jurisdiction to state courts cavalierly would betray this obligation." *Id.*

The court is unaware of any "exceptional circumstance" warranting abstention under the *Colorado River* doctrine. In fact, although it is alleged that this action and the state court action relate to the same underlying debt, it is not entirely clear to the court that the actions are even parallel proceedings. The fact that similar actions in state and federal court are overlapping is not sufficient for dismissal or even a stay of these proceedings, especially where, as here, the federal court action presents exclusively federal questions. *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 23 (1983). Indeed, it would be error for the court not to exercise jurisdiction of this action.

Accordingly, the defendant's motion (Doc. # 5) is DENIED. The defendant shall file an answer or otherwise respond to the complaint **on or before June 29, 2007.**

DONE this 14th day of June, 2007.

                                                /s/ W. Keith Watkins
                                                UNITED STATES DISTRICT JUDGE