IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY HAGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:07cv365 |
| | ) | |
| PALISADES COLLECTION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**RULE 26(f) PLANNING REPORT**

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f), on August 31, 2007, and prepared the following report:

I.   DESCRIPTION OF CASE:

   A.   Concise Factual Summary of Plaintiffs' Claim:

   Jerry Hagler has been the target of a systematic harassment campaign by the Defendant, Palisades Collection, LLC (hereinafter "Palisades"), through the Defendant's use of collection letters and the lawsuit filed in the Circuit Court of Houston County, Alabama. These actions violate the Fair Debt Collection Practices Act (FDCPA). Plaintiff is seeking actual damages and statutory damages pursuant to 15 U.S.C. § 1692k, an award of costs and attorney fees pursuant to 15 U.S.C. § 1692k and such other and further relief as the Court may deem just and equitable.

   B.   Concise Factual Summary of Defendants claims/defenses:

   The Defendant Palisades Collection LLC has pursued collection of a valid debt owed by Jerry Hagler. Palisades has taken normal collection activity in an effort to have this debt paid in full, which has now resulted in the filing of a lawsuit in the Circuit Court of Houston County, Alabama. Defendant Palisades would assert that this

lawsuit will prove the validity of the debt and the amount owed to Palisades by Mr. Hagler. Palisades disputes that it has violated any portion of the *Fair Debt Collection Practices Act* (FDCPA), including 15 U.S.C. §1692k. Palisades denies that it has caused Mr. Hagler any damages or that it is responsible for any fees or costs alleged in the complaint.

C. Statement of Jurisdiction (including statutory citations):

Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

D. Summary of Factual Stipulations or Agreements:

None at present.

E. Statement of whether a jury trial has been timely demanded by any party:

Plaintiff demands a jury trial in this matter.

II. PLEADINGS:

A. Statement of whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

Yes, Defendant has been served.

B. Proposed date by which all hearings on motions to amend and/or add parties to the action shall be heard: December 14, 2007.

III. INITIAL DISCLOSURES

A. The parties agree and recommend that the Rule 26(a)(1) initial disclosures shall be filed no later than September 15, 2007.

IV. DISCOVERY LIMITATIONS:

A. The parties agree and recommend that the Court limit the use and numbers of

discovery procedures as follows:

1) 50 interrogatories;

2) 75 document requests;

3) 10 factual depositions;

4) No Rule 35 medical examinations; and

5) No other.

V. <u>DISCOVERY SCHEDULE / DEADLINE</u>:

    A. The parties recommend that the Court establish the following discovery deadlines:

        1. **April 4, 2008** - Deadline for completion of non-expert discovery, including service and response to interrogatories, documents requests, requests fee admission and scheduling of factual depositions.

        2. **April 4, 2008** - Deadline for completing any independent medical examinations.

VI. <u>EXPERTS</u>:

    A. The parties anticipate that they will require

        1. Deadlines for all parties identification of expert witnesses (initial and rebuttal). (Fed.R.Civ.P. 26(a)(2)(A))

          Plaintiffs – **January 11, 2008**

          Defendant – **February 11, 2008**

        2. Deadlines for completion of disclosure or discovery of the substance of expert witness opinions.

          Plaintiffs – **February 11, 2008**

          Defendant – **March 11, 2008**

    3.    Deadlines for completion of expert witness depositions, if any.

**April 11, 2008**

VII.    <u>MOTION SCHEDULE</u>:

    A.    The parties recommend that motions be filed and served on or before the following date:

        1.    **April 23, 2008**, non-dispositive motions;

        2.    **May 23, 2008**, dispositive motions.

VIII.    <u>TRIAL-READY DATE</u>:

    A.    The parties agree that the case will be ready for trial on or after **September 22, 2008**; or no later than thirty (30) days after the Court rules on any dispositive motions.

    B.    A final pretrial conference should be held on or before **August 22, 2008**.

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636.


Date: August **31**<u>st</u>, 2007                                                  Date: August **31**<u>st</u>, 2007


/s/ *Walter A. Blakeney*                                                /s/ *J. Matthew Parnell*
Walter A. Blakeney, Attorney for Plaintiff                J. Matthew Parnell, Attorney for Defendant
BROCK & STOUT                                                        PARNELL & CRUM, P.A.
P.O. Drawer 311167                                                  P.O. Box 2189
Enterprise, AL 36331-1167                                       Montgomery, AL 36102-2189
Tel: (334) 671-5555                                                   Tel: (334) 832-4200
Fax: (334) 671-2689                                                  Fax: (334) 293-3550
christal@circlecitylaw.com                                      amurse@parnellcrum.com