IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JERRY HAGLER, | ) |
| | ) |
| PLAINTIFF, | ) CASE NUMBER: |
| | ) |
| VS. | ) 1:07-CV-365 |
| | ) |
| PALISADES COLLECTION, LLC., | ) **JURY DEMAND** |
| | ) |
| DEFENDANT. | ) |

## MOTION TO DEEM FACTS ADMITTED

COMES NOW, the Plaintiff, Jerry Hagler, by and through his undersigned attorney, and moves this Honorable Court to deem certain facts admitted. As grounds for this motion, the undersigned states as follows:

1. On April 30, 2007, the Plaintiff filed the above-styled Adversary Proceeding.

2. On September 6, 2007, this Honorable Court entered a Uniform Scheduling Order and set the discovery deadline for April 4, 2008.

3. On October 8, 2007, the Plaintiff propounded certain Requests For Admissions of Fact to the Defendant via United States mail and electronic mail.

4. To date, the Defendant has not responded to the Plaintiff's Requests For Admissions of Fact.

5. Pursuant to Fed. R. Civ. Proc. 36, the Plaintiff requests this Honorable Court rule the facts admitted and take judicial notice thereof.

6. A copy of the Requests For Admissions of Fact are attached hereto as Exhibit "1."

    7.    The Requests For Admissions of Fact to Defendant also bears an attachment identified as Exhibit "A."

WHEREFORE, the Plaintiff moves this Honorable Court to order that the Requests For Admission of Facts be accepted as genuine fact, to take judicial notice thereof, and for all other relief that is just.

Respectfully submitted this _____ day of NOV, 2007.

BROCK & STOUT

Walter A. Blakeney, Esq.
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon the Defendant, Palisades Collection, LLC., ℅ Charles N. Parnell, III., Esq. and J. Matthew Parnell, Esq., via electronic mail at cnparnell@parnellcrum.com and mparnell@parnellcrum.com, this _____ day of NOV., 2007.

Walter A. Blakeney, Esq.

**EXHIBIT "1"**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JERRY HAGLER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PALISADES COLLECTION, LLC., )<br>)<br>Defendant. ) | CASE NO.: 1:07-CV-365-WKW<br><br>**JURY DEMAND** |

### PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT

TO:   Palisades Collection, LLC.
       c/o Charles N. Parnell, III.

Plaintiff, Jerry Hagler, requests that Defendant, Palisades Collection, LLC. (hereinafter, "Palisades Collection"), respond to the following Requests for Admission. Unless specified in a particular paragraph, provide the information and documents requested for the time period: January 1, 2006, through the present.

"FDCPA" means the Fair Debt Collection Practices Act as defined by 15 U.S.C. § 1692, et seq.

"Employee" means and includes any current and former employees, managers, and agents of Palisades Collection.

"You" or "Your" means and includes Palisades Collection and its employees.

"Plaintiff" means Jerry Hagler.

"Defendant" means Palisades Collection.

"Complaint" means Jerry Hagler's complaint in this matter.

"Debt" or "Debts" means the purported obligation referenced in Plaintiff's complaint.

If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter,

memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

Other instructions and definitions to be used in making your response are attached hereto as <u>Exhibit 1</u>. If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## REQUESTS FOR ADMISSION

The Plaintiff submits the following Requests for Admission in accordance with Fed. R. Civ. Pro. 36. Plaintiff requests the Defendant admit or deny the truth of the following:

1.   Defendant, Palisades Collection, is a Delaware limited liability company.

**RESPONSE:**

2.   Defendant's principal place of business is located at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

**RESPONSE:**

3.   The Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**RESPONSE:**

4.   The Defendant regularly attempts to collect debts alleged to be due another.

**RESPONSE:**

5.  The Plaintiff's alleged indebtedness concerns a Household Bank account.

**RESPONSE:**

6.  The alleged debt to Household Bank was for personal, family, or household purposes.

**RESPONSE:**

7.  The Defendant purchased the Plaintiff's account from Household.

**RESPONSE:**

8.  On or about June 2006, the Defendant employed the law offices of Wolpoff & Abramson, LLC. (hereinafter, "Wolpoff & Abramson") to collect on the Plaintiff's account on behalf of the Defendant.

**RESPONSE:**

9.  The Plaintiff disputed the debt to Wolpoff & Abramson.

**RESPONSE:**

10. Wolpoff & Abramson returned the account to you because the Plaintiff disputed the debt.

**RESPONSE:**

11. On or about July 2006, the Defendant employed the law offices of Zarzaur & Schwartz, P.C. (hereinafter, "Zarzaur & Schwartz") to collect on the Plaintiff's account on behalf of the Defendant.

**RESPONSE:**

12. On July 29, 2006, the Plaintiff corresponded with you.

**RESPONSE:**

13. During the Plaintiff's correspondence with you on July 29, 2006, the Plaintiff disputed the validity of the debt and indicated to the Defendant and Zarzaur & Schwartz that the debt may not be assumed valid.

**RESPONSE:**

14.    During the Plaintiff's correspondence with the Defendant and Zarzaur & Schwartz on July 29, 2006, the Plaintiff also requested verification of the debt and disputed that he owed the debt.

**RESPONSE:**

15.    On September 6, 2006, the Defendant submitted a debt collection letter, attached hereto as Exhibit "A," to the Plaintiff.

**RESPONSE:**

16.    The debt collection letter, Exhibit "A," addressed certain identity theft regarding the Household Bank account.

**RESPONSE:**

17.    On September 15, 2006, the Plaintiff corresponded with the Defendant.

**RESPONSE:**

18.    You actually received the Plaintiff's letter dated September 15, 2006.

**RESPONSE:**

19.    The Plaintiff's correspondence to the Defendant on September 15, 2006, disputed the validity of the debt.

**RESPONSE:**

20.    You did not note the debt as disputed on the Plaintiff's credit file.

**RESPONSE:**

21.    The Plaintiff's correspondence to the Defendant dated September 15, 2006, requested proof that the Plaintiff owed the debt.

**RESPONSE:**

22.    The Plaintiff's correspondence to the Defendant on September 15, 2006, stated that the Plaintiff was the victim of identity theft.

**RESPONSE:**

23.  You authorized Zarzaur & Schwartz to file a lawsuit against the Plaintiff.

**RESPONSE:**

24.  On February 12, 2007, the Defendant commenced a lawsuit against the Plaintiff.

**RESPONSE:**

25.  You filed the February 12, 2007, lawsuit to collect on an alleged debt.

**RESPONSE:**

26.  You filed the February 12, 2007, lawsuit in the Circuit Court of Houston County, Alabama bearing case number CV 2007-93.

**RESPONSE:**

27.  The alleged debt on which the Defendant commenced suit was originally owed to Household Bank.

**RESPONSE:**

28.  You did not determine whether the alleged debt was beyond the statute of limitations.

**RESPONSE:**

29.  The Defendant purchased account number 5407070009511701 from Household Bank.

**RESPONSE:**

30.  At the time of purchase, the account was in default by three (3) years or more.

**RESPONSE:**

31.  At the time of filing the Alabama State Court action, the account was in default by four (4) years or more.

**RESPONSE:**

32.  You cannot prove the Plaintiff owes the debt to Household Bank.

**RESPONSE:**

33.  The Defendant has never provided the Plaintiff validation or verification of the alleged debt.

**RESPONSE:**

34. The Defendant knowingly attempted to collect a debt beyond the Alabama statute of limitations.

**RESPONSE:**

35. The Defendant regularly attempts to collect on accounts beyond the expiration of the statute of limitations.

**RESPONSE:**

36. The Defendant has no procedures in place to determine whether a debt is beyond the statute of limitations.

**RESPONSE:**

37. The Defendant has no documents to prove that the Plaintiff owes the alleged debt.

**RESPONSE:**

BROCK & STOUT

Walter A. Blakeney, Esq.
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
Tel: (334) 671-5555
Fax: (334) 671-2689
Email christal@circlecitylaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have this date served a copy of the foregoing discovery upon Charles N. Parnell, III., Esq., and J. Matthew Parnell., Attorneys for Defendant, via electronic mail at cnparnell@parnellcrum.com and mparnell@parnellcrum.com, and United States Mail, postage prepaid and fully addressed to Post Office Box 2189, Montgomery, Alabama 36102, this ___6th___ day of ___Oct.___, 2007.

Walter A. Blakeney

**EXHIBIT A**

87 S COMMERCE WAY
SUITE 700
BETHLEHEM PA 18017

230-8094    610-758-9781 (Fax)

CHANGE SERVICE REQUESTED

#BWNKBHZ S-CDASTA10 L-FRL A-4351705
#43517051# P06BUT00200180 I01434
HAGLER,JERRY B
407 GWALTNEY DR
DOTHAN AL 36303-2740

PALISADES COLLECTION, L.L.C.
87 S COMMERCE WAY
SUITE 700
BETHLEHEM PA 18017

September 6, 2006

| Account # : | Debtor # : |
|---|---|
| 5407070009511701 | 4351705 |

✂ Detach Upper Portion And Return With Payment ✂

Dear HAGLER,JERRY B,

We have received your letter claiming that your identity was stolen with respect to the account referenced above. We have placed your account in a "disputed" status while we investigate your claim. In order to assist us in our investigation, please send us the following information within 30 days :

1. An official police report detailing your claim
2. A signed and notarized Affidavit of Fraud (enclosed)

If we do not hear from you within 30 days, then your claim will be deemed withdrawn. In the meantime, the account information that we have on file for you is as follows:

HAGLER,JERRY B
407 GWALTNEY DR
DOTHAN AL 36303

| | |
|---|---|
| Previous Creditor: | HOUSEHOLD BANK |
| Current Balance: | $12,462.66 |
| Account Number: | 5407070009511701 |
| SSN: | 416744710 |
| Debtor #: | 4351705 |
| Charge-Off Date: | 04/30/2003 |
| Open Date: | 01/01/1992 |
| Additional Information: | UNION PLUS |

Very truly yours,

Palisades Collection, L.L.C.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

If you have recently filed a bankruptcy proceeding, please be aware that this letter is for informational purposes only. Please forward a copy of this letter to your counsel and/or the trustee, as appropriate, and refer them to a Palisades Collection, L.L.C. customer service representative at .