IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JERRY HAGLER,           ) | |
| )    | |
| Plaintiff,      ) | |
| )    | |
| vs.                    ) | CASE NO.: 1:07-CV-365-WKW |
| )    | |
| PALISADES COLLECTION, LLC.,  ) | |
| )    | |
| Defendant.     ) | |

### ANSWERS TO PLAINTIFF'S REQUESTS FOR ADMISSION

COMES NOW Palisades Collection, LLC, by and through its attorney of record, and files its answers to Plaintiff's Requests For Admission. In support thereof, Excel Acquisitions, would answer as follows:

1. Defendant, Palisades Collection, is a Delaware limited liability company.

**RESPONSE**: Defendant admits the allegations in Plaintiff's paragraph number one.

2. Defendant's principal place of business is located at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

**RESPONSE**: Defendant admits the allegations in Plaintiff's paragraph number two.

3. The Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

**RESPONSE**: Defendant admits the allegations in Plaintiff's paragraph number three.

4. The Defendant regularly attempts to collect debts alleged to be due another.

**RESPONSE**: Defendant admits the allegations in Plaintiff's paragraph number four.

5. The Plaintiff's alleged indebtedness concerns a Household Bank account.

**RESPONSE**: Defendant admits the allegations in Plaintiff's paragraph number five.

6. The alleged debt to Household Bank was for personal, family, or household purposes.

**RESPONSE**: Defendant lacks sufficient information to respond to the allegation in Plaintiff's paragraph six.

7. The Defendant purchased the Plaintiff's account from Household.

**RESPONSE**: Defendant admits the allegations in Plaintiff's paragraph number seven.

8. On or about June 2006, the Defendant employed the law offices of Wolpoff & Abramson, LLC (hereinafter, "Wolfpoff & Abramson") to collect on the Plaintiff's account on behalf of the Defendant.

**RESPONSE**: Defendant admits the allegations in Plaintiff's paragraph number eight.

9. The Plaintiff disputed the debt to Wolpoff & Abramson.

**RESPONSE**: Defendant lacks sufficient information at this time to admit or deny the allegations contained in Plaintiff's paragraph nine.

10. Wolpoff & Abramson returned the account to you because the Plaintiff disputed the debt.

**RESPONSE**: Defendant denies the allegations contained in Plaintiff's paragraph ten.

11. On or about July 2006, the Defendant employed the law offices of Zarzaur & Schwartz, P.C. (hereinafter, "Zarzaur & Schwartz") to collect on the Plaintiff's account on behalf of the Defendant.

**RESPONSE**: Defendant denies the allegations contained in Plaintiff's paragraph eleven.

12. On July 29, 2006, the Plaintiff corresponded with you.

**RESPONSE**: Defendant does not have sufficient information based on the vague wording in paragraph twelve to respond.

13. During the Plaintiff's correspondence with you on July 29, 2006, the Plaintiff disputed the validity of the debt and indicated to the Defendant and Zarzaur & Schwartz that the debt may not be assumed valid.

**RESPONSE**: Defendant lacks sufficient information at this time to admit or deny the allegations contained in Plaintiff's paragraph thirteen.

14. During the Plaintiff's correspondence with the Defendant and Zarzaur & Schwartz on July 29, 2006, the Plaintiff also requested verification of the debt and disputed that he owed the debt.

**RESPONSE**: Defendant lacks sufficient information at this time to admit or deny the allegations contained in Plaintiff's paragraph fourteen.

15.     On September 6, 2006, the Defendant submitted a debt collection letter, attached hereto as Exhibit "A," to the Plaintiff.

**RESPONSE**: Defendant admits the allegations in Plaintiff's paragraph fifteen.

16.     The debt collection letter, Exhibit "A," addressed certain identify theft regarding the Household Bank account.

**RESPONSE**: Defendant admits the allegations in Plaintiff's paragraph sixteen.

17.     On September 15, 2006, the Plaintiff corresponded with the Defendant.

**RESPONSE**: Defendant lacks sufficient information at this time to admit or deny the allegations contained in Plaintiff's paragraph seventeen.

18.     You actually received the Plaintiff's letter dated September 15, 2006.

**RESPONSE**: Defendant lacks sufficient information at this time to admit or deny the allegations contained in Plaintiff's paragraph eighteen.

19.     The Plaintiff's correspondence to the Defendant on September 15, 2006, disputed the validity of the debt.

**RESPONSE**: Defendant lacks sufficient information at this time to admit or deny the allegations contained in Plaintiff's paragraph nineteen.

20.     You did not note the debt as disputed on the Plaintiff's credit file.

**RESPONSE**: Defendant lacks sufficient information at this time to admit or deny the allegations contained in Plaintiff's paragraph twenty.

21.     The Plaintiff's correspondence to the Defendant dated September 15, 2006, requested proof that the Plaintiff owed the debt.

**RESPONSE**: Defendant lacks sufficient information at this time to admit or deny the allegations contained in Plaintiff's paragraph twenty-one.

22.     The Plaintiff's correspondence to the Defendant on September 15, 2006, stated that the Plaintiff was the victim of identify theft.

**RESPONSE**: Defendant lacks sufficient information at this time to admit or deny the allegations contained in Plaintiff's paragraph twenty-two.

23.     You authorized Zarzaur & Schwartz to file a lawsuit against the Plaintiff.

**RESPONSE**: Defendant admits the allegations in Plaintiff's paragraph twenty-three.

24.     On February 12, 2007, the Defendant commenced a lawsuit against the Plaintiff.

**RESPONSE**: Defendant admits the allegations in Plaintiff's paragraph twenty-four.

25.     You filed the February 12, 2007, lawsuit to collect on an alleged debt.

**RESPONSE**: Defendant admits the allegations in Plaintiff's paragraph twenty-five.

26.     You filed the February 12, 2007, lawsuit in the Circuit Court of Houston County, Alabama bearing case number CV 2007-93.

**RESPONSE**: Defendant admits the allegations in Plaintiff's paragraph twenty-six.

27.     The alleged debt on which the Defendant commenced suit was originally owed to Household Bank.

**RESPONSE**: Defendant admits the allegations in Plaintiff's paragraph twenty-seven.

28.     You did not determine whether the alleged debt was beyond the statute of limitations.

**RESPONSE**: Defendant denies the allegations in Plaintiff's paragraph twenty-eight.

29.     The Defendant purchased account number 54070700095 11701 from Household Bank.

**RESPONSE**: Defendant believes that this statement is correct, but account numbers are occasionally changed by creditors as a part of new security guidelines which could have resulted in this number being altered at some point in time.

30.     At the time of purchase, the account was in default by three (3) years or more.

**RESPONSE**: Defendant lacks sufficient information at this time to admit or deny the allegations contained in Plaintiff's paragraph thirty.

31.     At the time of filing the Alabama State Court action, the account was in default by four (4) years or more.

**RESPONSE**: Defendant denies the allegations contained in Plaintiff's paragraph thirty-one.

32.     You cannot prove the Plaintiff owes the debt to Household Bank.

**RESPONSE**: Defendant denies the allegations contained in Plaintiff's paragraph thirty-two.

33. The Defendant has never provided the Plaintiff validation or verification of the alleged debt.

**RESPONSE**: Defendant lacks sufficient information at this time to admit or deny the allegations contained in Plaintiff's paragraph thirty-three.

34. The Defendant knowingly attempted to collect a debt beyond the Alabama statute of limitations.

**RESPONSE**: Defendant denies the allegations contained in Plaintiff's paragraph thirty-four.

35. The Defendant regularly attempts to collect on accounts beyond the expiration of the statute of limitations.

**RESPONSE**: Defendant denies the allegations contained in Plaintiff's paragraph thirty-five.

36. The Defendant has no procedures in place to determine whether a debt is beyond the statute of limitations.

**RESPONSE**: Defendant denies the allegations contained in Plaintiff's paragraph thirty-six.

37. The Defendant has no documents to prove that the Plaintiff owes the alleged debt.

**RESPONSE**: Defendant denies the allegations contained in Plaintiff's paragraph thirty-seven.

Respectfully submitted,
PARNELL & CRUM, P.A.


　　/s/ Charles N. Parnell, III
By:　CHARLES N. PARNELL, III
　　Attorney for Defendant

OF COUNSEL:
PARNELL & CRUM, P.A.
Post Office Box 2189
Montgomery, Alabama  36102-2189
(334) 832-4200

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this day mailed, postage prepaid in the U.S. mail an exact copy of the foregoing answer to the following parties, this the __6th__ day of December, 2007.

Hon. Walter A. Blakeney  
Attorney for Plaintiff  
Post Office Drawer 311167  
Enterprise, Alabama 36330

                                                            __/s/ Charles N. Parnell, III__  
                                                            OF COUNSEL