IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:                                    )
                                          )
JERRY HAGLER,                             )
                                          )
        PLAINTIFF,                        )      CASE NUMBER:
                                          )
VS.                                       )      1:07-CV-365
                                          )
PALISADES COLLECTION, LLC.,               )      **JURY DEMAND**
                                          )
        DEFENDANT.                        )

## MOTION FOR DEFAULT JUDGMENT

COMES NOW, the Plaintiff, Jerry Hagler, by and through his undersigned attorney, pursuant to Fed. R. Civ. P. 37(b)(2)(C), and moves this Honorable Court to enter a default judgment against the Defendant, Palisades Collections, LLC., for failing to comply with this Honorable Court's Order of January 15, 2008.  In the alternative, the Plaintiff moves this Honorable Court enter a show cause order holding the Defendant in contempt for failing to comply with this Court's Order compelling discovery, order the Defendant to pay the costs and attorney fees associated with the Defendant's failure to cooperate in discovery, set an absolute date which Defendant must provide discovery or face judgment in Plaintiff's favor, and to stay or extend the discovery deadline.  As grounds for this motion, the Plaintiff states as follows:

1.      On October 8, 2007, Plaintiff's counsel served Defendant's counsel with Plaintiff's First Request For Admission, Request For Production, and Interrogatories.  The Plaintiff's discovery requests are attached hereto as Exhibit "1."

2.      On December 6, 2007, the  Defendant provided the Plaintiff with responses to the Plaintiff's Request For Admission.  At that time, the Defendant did not provide responses to either the Plaintiff's Requests For Production or Interrogatories.

3.      On December 7, 2007, Plaintiff's counsel sent a letter to the Defendant's counsel, via facsimile and United States Mail, asking that Defendant's counsel submit Defendant's responses to Plaintiff's Interrogatories and Request For Production, or advise Plaintiff's counsel as to when those responses would be provided. The December 7, 2007, letter is attached hereto as Exhibit "2."

4.      On December 13, 2007, Plaintiff's counsel sent an additional letter to Defendant's counsel, via facsimile and United States Mail, requesting an update on the status of the Defendant's responses and asking Defendant's counsel to contact Plaintiff's counsel to discuss the matter further.   The December 13, 2007, letter is attached hereto as Exhibit "3."

5.      On December 20, 2007, Plaintiff's counsel sent a letter to Defendant's counsel, via facsimile and United States Mail, again requesting Defendant's counsel contact Plaintiff's counsel to discuss the matter.  The December 20, 2007, correspondence further stated that if the Defendant's counsel did not contact Plaintiff's counsel by December 31, 2007, the Plaintiff's counsel intended to file a Motion To Compel Defendant's responses.  The December 20, 2007, letter is attached hereto as Exhibit "4."

6.      On January 4, 2008, the Plaintiff filed a motion to compel the Defendant's answers to Plaintiff's discovery requests.  Plaintiff's motion to compel is attached hereto as Exhibit "5."

7.      On January 15, 2008, this Honorable Court granted the Plaintiff's motion to compel. In it's Order, this Honorable court stated that "the discovery requested shall be propounded **on or before January 15, 2008**." (emphasis in original).  The Court's Order is attached hereto as Exhibit "6."

8.      On January 28, 2008, Plaintiff's counsel sent a letter to Defendant's counsel, via facsimile, electronic mail and United States Mail, requesting that Defendant's counsel either immediately forward the outstanding discovery answers to the Plaintiff or contact Plaintiff's counsel

to discuss the matter. The letter further stated that if Defendant did not comply with this Court's Order or contact Plaintiff's counsel prior to 5:00 p.m. on Wednesday, January 30, 2008, the Plaintiff would seek Court enforcement of the Order. The January 28, 2008, letter is attached as Exhibit "7."

9.     As of the date of this motion, Plaintiff's counsel has not received the requested discovery answers form the Defendant and has received no communication from Defendant's counsel regarding the outstanding discovery.

10.     The Plaintiff has incurred additional costs and attorney fees based on the Defendant's unwillingness to cooperate in discovery.

11.     Pursuant to Rule 37(b)(2)(C), this Honorable Court may enter a judgment by default against the disobedient party. Fed. R. Civ. Proc.

12.     In the alternative, pursuant to Fed. R. Civ. Proc. 37(b)(2), the Plaintiff moves this Honorable Court to enter a show cause order holding the Defendant in contempt for failing to comply with this Honorable Court's Order of January 15, 2008 compelling discovery, set an absolute date with which the Defendant must provide discovery or face judgment in the Plaintiff's favor, to order the Defendant to pay the attorney fees and costs associated with the prosecution of this motion and the prior motion to compel.

13.     The Plaintiff incurred attorney fees and costs in the amount of $597.50 associated with the prosecution of this motion and the motion to compel dated January 4, 2008.

WHEREFORE, the Plaintiff moves this Honorable Court to enter a judgment by default against the Defendant, in the alternative, the Plaintiff moves this Honorable Court to enter a show cause order holding the Defendant in contempt for failing to comply with this Honorable Court's Order of January 15, 2008 compelling discovery, set an absolute date with which the Defendant must provide discovery or face judgment in the Plaintiff's favor, to order the Defendant to pay the

attorney fees and costs associated with the prosecution of this motion and the prior motion to

compel, and for all other relief that is just.

      Respectfully submitted this ____1st____ day of __Feb.__, 2008.

BROCK & STOUT

Walter A. Blakeney, Esq.
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

### CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon Charles N. Parnell, III., Esq., Attorney for Defendant, via electronic mail at cnparnell@parnellcrum.com, and via United States Mail, postage prepaid and fully addressed to Post Office Box 2189, Montgomery, Alabama 36102, this 1st day of Feb., 2008.

Walter A. Blakeney, Esq.

**EXHIBIT "1"**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JERRY HAGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 1:07-CV-365-WKW |
| | ) | |
| PALISADES COLLECTION, LLC., | ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT

TO:    Palisades Collection, LLC.
        c/o Charles N. Parnell, III.

Plaintiff, Jerry Hagler, requests that Defendant, Palisades Collection, LLC. (hereinafter,

"Palisades Collection"), respond to the following Requests for Admission.  Unless specified in a

particular paragraph, provide the information and documents requested for the time period:

January 1, 2006, through the present.

"FDCPA" means the Fair Debt Collection Practices Act as defined by 15 U.S.C. § 1692, *et*

*seq*.

"Employee" means and includes any current and former employees, managers, and agents

of Palisades Collection.

"You" or "Your" means and includes Palisades Collection and its employees.

"Plaintiff" means Jerry Hagler.

"Defendant" means Palisades Collection.

"Complaint" means Jerry Hagler's complaint in this matter.

"Debt" or "Debts" means the purported obligation referenced in Plaintiff's complaint.

If you are declining to produce any document or respond to any paragraph in whole or in

part because of a claim of privilege, please:  (a) identify the subject matter, type (e.g., letter,

memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit 1. If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

### REQUESTS FOR ADMISSION

The Plaintiff submits the following Requests for Admission in accordance with Fed. R. Civ. Pro. 36. Plaintiff requests the Defendant admit or deny the truth of the following:

1.      Defendant, Palisades Collection, is a Delaware limited liability company.

**RESPONSE:**

2.      Defendant's principal place of business is located at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

**RESPONSE:**

3.      The Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**RESPONSE:**

4.      The Defendant regularly attempts to collect debts alleged to be due another.

**RESPONSE:**

5.    The Plaintiff's alleged indebtedness concerns a Household Bank account.

**RESPONSE:**

6.    The alleged debt to Household Bank was for personal, family, or household purposes.

**RESPONSE:**

7.    The Defendant purchased the Plaintiff's account from Household.

**RESPONSE:**

8.    On or about June 2006, the Defendant employed the law offices of Wolpoff & Abramson,

LLC. (hereinafter, "Wolpoff & Abramson") to collect on the Plaintiff's account on behalf of the

Defendant.

**RESPONSE:**

9.    The Plaintiff disputed the debt to Wolpoff & Abramson.

**RESPONSE:**

10.    Wolpoff & Abramson returned the account to you because the Plaintiff disputed the debt.

**RESPONSE:**

11.    On or about July 2006, the Defendant employed the law offices of Zarzaur & Schwartz, P.C.

(hereinafter, "Zarzaur & Schwartz") to collect on the Plaintiff's account on behalf of the Defendant.

**RESPONSE:**

12.    On July 29, 2006, the Plaintiff corresponded with you.

**RESPONSE:**

13.    During the Plaintiff's correspondence with you on July 29, 2006, the Plaintiff disputed the

validity of the debt and indicated to the Defendant and Zarzaur & Schwartz that the debt may not

be assumed valid.

**RESPONSE:**

14.    During the Plaintiff's correspondence with the Defendant and Zarzaur & Schwartz on July

29, 2006, the Plaintiff also requested verification of the debt and disputed that he owed the debt.

**RESPONSE:**

15.    On September 6, 2006, the Defendant submitted a debt collection letter, attached hereto

as Exhibit "A," to the Plaintiff.

**RESPONSE:**

16.    The debt collection letter, Exhibit "A," addressed certain identity theft regarding the

Household Bank account.

**RESPONSE:**

17.    On September 15, 2006, the Plaintiff corresponded with the Defendant.

**RESPONSE:**

18.    You actually received the Plaintiff's letter dated September 15, 2006.

**RESPONSE:**

19.    The Plaintiff's correspondence to the Defendant on September 15, 2006, disputed the

validity of the debt.

**RESPONSE:**

20.    You did not note the debt as disputed on the Plaintiff's credit file.

**RESPONSE:**

21.    The Plaintiff's correspondence to the Defendant dated September 15, 2006, requested

proof that the Plaintiff owed the debt.

**RESPONSE:**

22.    The Plaintiff's correspondence to the Defendant on September 15, 2006, stated that the

Plaintiff was the victim of identity theft.

**RESPONSE:**

23.    You authorized Zarzaur & Schwartz to file a lawsuit against the Plaintiff.

**RESPONSE:**

24.    On February 12, 2007, the Defendant commenced a lawsuit against the Plaintiff.

**RESPONSE:**

25.    You filed the February 12, 2007, lawsuit to collect on an alleged debt.

**RESPONSE:**

26.    You filed the February 12, 2007, lawsuit in the Circuit Court of Houston County, Alabama

bearing case number CV 2007-93.

**RESPONSE:**

27.    The alleged debt on which the Defendant commenced suit was originally owed to Household

Bank.

**RESPONSE:**

28.    You did not determine whether the alleged debt was beyond the statute of limitations.

**RESPONSE:**

29.    The Defendant purchased account number 5407070009511701 from Household Bank.

**RESPONSE:**

30.    At the time of purchase, the account was in default by three (3) years or more.

**RESPONSE:**

31.    At the time of filing the Alabama State Court action, the account was in default by four (4)

years or more.

**RESPONSE:**

32.    You cannot prove the Plaintiff owes the debt to Household Bank.

**RESPONSE:**

33.    The Defendant has never provided the Plaintiff validation or verification of the alleged debt.

**RESPONSE:**

34.    The Defendant knowingly attempted to collect a debt beyond the Alabama statute of

limitations.

**RESPONSE:**

35.    The Defendant regularly attempts to collect on accounts beyond the expiration of the

statute of limitations.

**RESPONSE:**

36.    The Defendant has no procedures in place to determine whether a debt is beyond the

statute of limitations.

**RESPONSE:**

37.    The Defendant has no documents to prove that the Plaintiff owes the alleged debt.

**RESPONSE:**

BROCK & STOUT

Walter A. Blakeney, Esq.
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
Tel: (334) 671-5555
Fax: (334) 671-2689
Email christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing discovery upon Charles N. Parnell, III., Esq., and J. Matthew Parnell., Attorneys for Defendant, via electronic mail at cnparnell@parnellcrum.com and mparnell@parnellcrum.com, and United States Mail, postage prepaid and fully addressed to Post Office Box 2189, Montgomery, Alabama 36102, this _____8th_____ day of _____Oct.____, 2007.

Walter A. Blakeney

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JERRY HAGLER,                           )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )        CASE NO.:  1:07-CV-365-WKW
                                        )
PALISADES COLLECTION, LLC.              )        **JURY DEMAND**
                                        )
            Defendant.                  )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:     Palisades Collection, LLC.
        c/o Charles N. Parnell, III.

        Plaintiff, Jerry Hagler, requests that Defendant, Palisades Collection, LLC. (hereinafter,

"Palisades Collection"), respond to the following Interrogatories.  Unless specified in a particular

paragraph, provide the information and documents requested for the time period:   January 1,

2006, through the present.

        FDCPA" means the Fair Debt Collection Practices Act as defined by 15 U.S.C. § 1692, *et*

*seq.*

        "Employee" means and includes any current and former employees, managers, and agents

of Palisades Collection.

        "You" or "Your" means and includes Palisades Collection and its employees.

        "Plaintiff" means Jerry Hagler.

        "Defendant" means Palisades Collection.

        "Complaint" means Jerry Hagler's complaint in this matter.

        "Debt" or "Debts" means the purported obligation referenced in Plaintiff's complaint.

        If you are declining to produce any document or respond to any paragraph in whole or in

part because of a claim of privilege, please:  (a) identify the subject matter, type (e.g., letter,

memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit 1. If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## INTERROGATORIES

1.    State the name(s), job title(s), business address(es), and business telephone number(s) of the person or persons answering these interrogatories.

**RESPONSE:**

2.    State the name(s), job title(s), business address(es), and business telephone number(s) of each and every person or persons who at any time worked on the Plaintiff's account.

**RESPONSE:**

3.    State the name(s), job title(s), business address(es), and business telephone number(s) of any and all persons who entered, wrote, and/or transcribed any collection notes regarding the Plaintiff's account.

**RESPONSE:**

4.    State the name(s), address(es), and telephone number(s) of the person or persons who authorized the filing of the Alabama State Court action bearing case number CV 2007-93 pending

in the Circuit Court of Houston County, Alabama.

**RESPONSE:**

5.    Do you have a written procedure for filing state court collection suits?

**RESPONSE:**

6.    Do you have a written procedure for determining if a debt is beyond the statute of

limitations?

**RESPONSE:**

7.    Have you ever made contact with the Plaintiff either by telephone or in person?

**RESPONSE:**

8.    If the answer to the immediately preceding interrogatory is yes, state the date(s) when such

contact occurred.

**RESPONSE:**

9.    State the name(s) of the collection software used by the Defendant in conjunction with

collecting from the Plaintiff.

**RESPONSE:**

10.    Describe step-by-step Defendant's procedures for determining if a Debtor's account is

beyond the statute of limitations.

**RESPONSE:**

11.    Identify each and every claim made against Palisades Collection or its agents/employees in

the last two (2) years for collection actions filed beyond the statute of limitations, including the date

of the claim, the case number, the status of the claim, the resolution of the claim, and any amount

paid in settlement of said claim.

**RESPONSE:**

12.    Describe any insurance covering the Defendant for the conduct alleged in the Plaintiff's

Complaint, including policy limits.

**RESPONSE:**

13.    Fully describe the computer hardware, software, and storage media used in reference to the

Plaintiff's account; including but not limited to, name, type, model, or version number.

**RESPONSE:**

14.    State the name(s), business address(es), and business telephone number(s) of all third

parties the Defendant authorized to collect on the Plaintiff's account.

**RESPONSE:**

15.    Describe the procedures maintained by the Defendant to ensure compliance with the

FDCPA regarding the filing of collection lawsuits.

**RESPONSE:**

16.    Identify any FDCPA training manuals used by the Defendant.

**RESPONSE:**

17.    State the name(s), address(es), and telephone number(s) of the person or persons who

review your accounts to determine whether a lawsuit should be filed.

**RESPONSE:**

BROCK & STOUT

Walter A. Blakeney, Esq.
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
Tel: (334) 671-5555
Fax: (334) 671-2689
Email christal@circlecitylaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have this date served a copy of the foregoing discovery upon Charles N. Parnell, III., Esq., and J. Matthew Parnell., Attorneys for Defendant, via electronic mail at cnparnell@parnellcrum.com and mparnell@parnellcrum.com, and United States Mail, postage prepaid and fully addressed to Post Office Box 2189, Montgomery, Alabama 36102, this _____ day of _____ , 2007.

Walter A. Blakeney

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JERRY HAGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 1:07-CV-365-WKW |
| | ) | |
| PALISADES COLLECTION, LLC. | ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

TO:    Palisades Collection
c/o Charles N. Parnell, III.

Plaintiff, Jerry Hagler, requests that Defendant, Palisades Collection (hereinafter, "Palisades

Collection"), respond to the following Requests for Production of Documents.  Unless specified in a

particular paragraph, provide the information and documents requested for the time period:

January 1, 2006, through the present.

"FDCPA" means the Fair Debt Collection Practices Act as defined by 15 U.S.C. § 1692, *et*

*seq.*

"Employee" means and includes any current and former employees, managers, and agents

of Palisades Collection.

"You" or "Your" means and includes Palisades Collection and its employees.

"Plaintiff" means Jerry Hagler.

"Defendant" means Palisades Collection.

"Complaint" means Jerry Hagler's complaint in this matter.

"Debt" or "Debts" means the purported obligation referenced in Plaintiff's complaint.

If you are declining to produce any document or respond to any paragraph in whole or in

part because of a claim of privilege, please:  (a) identify the subject matter, type (e.g., letter,

memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

If any document requested was, but no longer is, in your possession or subject to your control, please state:  (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit 1. If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following:

1.     Any and all audio or video recordings regarding Defendant's contact with the Plaintiff.

2.     Any and all collection notes, collector's notes, or any other writings, memorandums or transcripts regarding the Plaintiff's collection account.

3.     Any and all collection letters directed to the Plaintiff, by the Defendant, and its agents or employees regarding the Plaintiff's account.

4.     All computer screen prints regarding Plaintiff's account.

5.     Any and all letters or correspondence regarding the Plaintiff's account between the Defendant and the collection agencies it authorized to collect on the Plaintiff's account.

6.     A copy of any and all of Defendant's collection operation manuals or similar documents.

7.     All documents concerning the purchase of the Plaintiff's account from Household Bank by the Defendant.

8.    All insurance policies covering the Defendant for the conduct alleged in the Plaintiff's Complaint.

9.    All documents that support each of the Defendant's answers to the Plaintiff's Requests For Admission that are not an unqualified admission.

10.    All documents used for ensuring compliance with the FDCPA.

11.    All FDCPA training manuals used by the Defendant.

12.    Provide all mailing addresses maintained by you.

13.    Provide a list of all offices maintained by you.

14.    Provide a copy of any DVD or CD training material presented to new employees.

15.    If different than the immediately preceding request, provide a copy of any DVD or CD training material provided to new employees which was in effect on February 12, 2007.

16.    Provide a copy of your policy or procedure for filing state court collection actions against your clients.

These requests shall be deemed continuing so as to require further and supplemental production if Defendant obtains additional documents required to be produced herein between the time of the initial production and the time of trial.

BROCK & STOUT


Walter A. Blakeney, Esq.
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
Tel: (334) 671-5555
Fax: (334) 671-2689
Email christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing discovery upon Charles N. Parnell, III., Esq., and J. Matthew Parnell., Attorneys for Defendant, via electronic mail at cnparnell@parnellcrum.com and mparnell@parnellcrum.com, and United States Mail, postage prepaid and fully addressed to Post Office Box 2189, Montgomery, Alabama 36102, this _____ day of _____, 2007.

Walter A. Blakeney

# **EXHIBIT 1**

### **INSTRUCTIONS AND DEFINITIONS**

**Definitions**

A.    The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or translations of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media.  Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B.    References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C.    "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D.    "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E.    "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F.    "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G.    "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

H.    "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

**Instructions**

1.    All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2.    To the extent any paragraph is objected to, please set forth all reasons for your objection.

3.    If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4.    Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5.    The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6.    To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7.    "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8.    If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

**EXHIBIT A**

87 S COMMERCE WAY
SUITE 700
BETHLEHEM PA 18017

CHANGE SERVICE REQUESTED

~230-8894    610-758-9781  (Fax)

#BWNKBHZ S-CDASTA10 L-FRL A-4351705
#43517051# P06BUT00200180 I01434
HAGLER,JERRY B
407 GWALTNEY DR
DOTHAN AL 36303-2740

PALISADES COLLECTION, L.L.C.
87 S COMMERCE WAY
SUITE 700
BETHLEHEM PA 18017

September 6, 2006

| Account # : | Debtor # : |
|---|---|
| 5407070009511701 | 4351705 |

✕  Detach Upper Portion And Return With Payment  ✕

Dear HAGLER,JERRY B.

We have received your letter claiming that your identity was stolen with respect to the account referenced above. We have placed your account in a "disputed" status while we investigate your claim. In order to assist us in our investigation, please send us the following information within 30 days :

    1.  An official police report detailing your claim
    2.  A signed and notarized Affidavit of Fraud (enclosed)

If we do not hear from you within 30 days, then your claim will be deemed withdrawn. In the meantime, the account information that we have on file for you is as follows:

HAGLER,JERRY B
407 GWALTNEY DR
DOTHAN AL 36303

| | |
|---|---|
| Previous Creditor: | HOUSEHOLD BANK |
| Current Balance: | $12,462.66 |
| Account Number: | 5407070009511701 |
| SSN: | 416744710 |
| Debtor #: | 4351705 |
| Charge-Off Date: | 04/30/2003 |
| Open Date: | 01/01/1992 |
| Additional Information: | UNION PLUS |

Very truly yours,

Palisades Collection, L.L.C.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

If you have recently filed a bankruptcy proceeding, please be aware that this letter is for informational purposes only. Please forward a copy of this letter to your counsel and/or the trustee, as appropriate, and refer them to a Palisades Collection, L.L.C. customer service representative at .

**EXHIBIT "2"**

LAW OFFICES OF
# BROCK & STOUT

**MICHAEL D. BROCK**

**GARY W. STOUT**

**QUINN E. BROCK**

**Mailing Address:**
**POST OFFICE DRAWER 311167**
**ENTERPRISE, ALABAMA 36331-1167**
**TEL: (334) 393-4357**
**FAX: (334) 671-2689**

<u>**Consumer Law Division**</u>

**DAVID G. POSTON**

**WALTER A. BLAKENEY**

December 7, 2007

**<u>VIA FACSIMILE & U.S. MAIL</u>**
(334) 293-3550

Charles N. Parnell, III.
PARNELL & CRUM, P.A.
Post Office Box 2189
Montgomery, Alabama 36102-2189

     RE:    HAGLER V. PALISADES COLLECTION, LLC.

Dear Mr. Parnell:

    My office received the Defendant's responses to the Plaintiff's Request for Admission via facsimile and email yesterday. My office has still not received the Defendant's responses to the Plaintiff's Interrogatories and Requests For Production. Please advise as to when these responses will be provided to my office. If you have any questions or comments, please feel free to contact me at your convenience.

    Sincerely,

    Walter A. Blakeney

WAB/car

* * * Transmission Result Report(MemoryTX) ( Dec. 7. 2007 2:34PM ) * * *

1) Brock & Stout
2)

Date/Time: Dec. 7. 2007 2:33PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 5097 | Memory TX | 13342933550 | P. 2 | OK | |

--------------------------------------------------------------------------

Reason for error
    E.1) Hang up or line fail                    E.2) Busy
    E.3) No answer                               E.4) No facsimile connection

LAW OFFICES OF
# BROCK & STOUT

MICHAEL D. BROCK                                    Consumer Law Division

GARY W. STOUT            Mailing Address:           DAVID G. POSTON
                    POST OFFICE DRAWER 311167
                  ENTERPRISE, ALABAMA 36331-1167
QUINN E. BROCK          TEL: (334) 393-4357         WALTER A. BLAKENEY
                        FAX: (334) 671-3689

### FACSIMILE COVER PAGE

TO: Charles N. Parnell, III.

BUSINESS OR
FIRM NAME: Parnell & Crum, P.A.

NUMBER SENT TO: (334)293-3550

DATE: 12/7/07

FROM: Christal Robertson

RE: Hagler v. Palisades Collection

NUMBER OF PAGES INCLUDING THIS ONE: 2

COMMENTS: _____

****************************************************************************
    This is a transmission from the law firm of Brock & Stout, LLC., and may contain information which is
privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the
addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If
you have received this transmission in error, please destroy it and notify us immediately at our telephone number
(334) 671-5555. The contact information is only for the purpose of contacting the sender and does not constitute
the signature of the sender nor does it indicate the acceptance or agreement of the sender to the contents
thereof.

Dothan Location: 280 Parkwest Circle • Suite 1 • Dothan, Alabama 36303-3069
Email: david@circlecitylaw.com • walter@circlecitylaw.com

**EXHIBIT "3"**

LAW OFFICES OF
# BROCK & STOUT

**MICHAEL D. BROCK**

**GARY W. STOUT**

**QUINN E. BROCK**

**Mailing Address:**
**POST OFFICE DRAWER 311167**
**ENTERPRISE, ALABAMA 36331-1167**
**TEL: (334) 393-4357**
**FAX: (334) 671-2689**

<u>**Consumer Law Division**</u>

**DAVID G. POSTON**

**WALTER A. BLAKENEY**

December 13, 2007

**<u>VIA FACSIMILE & U.S. MAIL</u>**
(334) 293-3550

Charles N. Parnell, III.
PARNELL & CRUM, P.A.
Post Office Box 2189
Montgomery, Alabama 36102-2189

     RE:    HAGLER V. PALISADES COLLECTION, LLC.

Dear Mr. Parnell:

    My office has yet to receive the Defendant's responses to the Plaintiff's Interrogatories and Request For Production in the above-styled case. I previously corresponded with you on December 7, 2007, requesting an update on the status of these responses. To date, I have not received any word from your office as to when the Defendant's responses will be provided. Please contact me to discuss this matter further as soon as possible.

    Sincerely,

    Walter A. Blakeney

WAB/car

P. 1

* * * Transmission Result Report(MemoryTX) ( Dec.13. 2007  4:23PM) * * *

1) Brock & Stout
2)

Date/Time: Dec.13. 2007  4:23PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 5152 | Memory TX | 13342933550 | P.  2 | OK | |

Reason for error
E.1) Hang up or line fail          E.2) Busy
E.3) No answer                     E.4) No facsimile connection

LAW OFFICES OF
## BROCK & STOUT

MICHAEL D. BROCK

GARY W. STOUT

QUINN E. BROCK

Mailing Address:
POST OFFICE DRAWER 311167
ENTERPRISE, ALABAMA 36331-1167
TEL: (334) 393-4357
FAX: (334) 671-2689

Consumer Law Division

DAVID G. POSTON

WALTER A. BLAKENEY

**FACSIMILE COVER PAGE**

TO: Charles N. Parnell, III.

BUSINESS OR
FIRM NAME:

NUMBER SENT TO: (334) 293-3550

DATE: 12/13/07

FROM: Christal Robertson

RE: Hagler v. Palisades Collection

NUMBER OF PAGES INCLUDING THIS ONE: 2

COMMENTS:

*************************************************************************
This is a transmission from the law firm of Brock & Stout, LLC., and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (334) 671-5555. The contact information is only for the purpose of contacting the sender and does not constitute the signature of the sender nor does it indicate the acceptance or agreement of the sender to the contents thereof.

Dothan Location: 200 Parkwest Circle • Suite 1 • Dothan, Alabama 36303-3069
Email: david@circlecitylaw.com • walter@circlecitylaw.com

EXHIBIT "4"

LAW OFFICES OF
# BROCK & STOUT

**MICHAEL D. BROCK**

**GARY W. STOUT**

**QUINN E. BROCK**

**Mailing Address:**
**POST OFFICE DRAWER 311167**
**ENTERPRISE, ALABAMA 36331-1167**
**TEL: (334) 393-4357**
**FAX: (334) 671-2689**

**Consumer Law Division**

**DAVID G. POSTON**

**WALTER A. BLAKENEY**

December 20, 2007

**VIA FACSIMILE & U.S. MAIL**
(334) 293-3550

Charles N. Parnell, III.
PARNELL & CRUM, P.A.
Post Office Box 2189
Montgomery, Alabama 36102-2189

     RE:    HAGLER V. PALISADES COLLECTION, LLC.

Dear Mr. Parnell:

     Our office has still not received the Defendant's responses to the Plaintiff's Interrogatories and Request For Production served on or about October 8, 2007. I have previously sent letters via facsimile and United States mail on December 7, 2007, and December 13, 2007, requesting an update on the status of these responses. To date, I have not received any word from your office regarding this matter. I will be in the office the remainder of this week and would appreciate the opportunity to speak with you regarding the Defendant's responses.

     If I have not heard from your office by December 31, 2007, I intend to a file a Motion To Compel the Defendant's responses in this case. Included with the motion will be a copy of this letter as well as my prior correspondence dated December 7, 2007, and December 13, 2007. Please contact me as soon as possible so we can avoid Court intervention.

     Sincerely,

     Walter A. Blakeney

WAB/car

* * * Transmission Result Report(MemoryTX) ( Dec.20. 2007 12:25PM ) * * *

1) Brock & Stout
2)

Date/Time: Dec.20. 2007 12:24PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|------|------|-------------|-------|--------|---------------|
| 5221 | Memory TX | 13342933550 | P. 2 | OK | |

----------------------------------------------------------------------------

Reason for error
E.1) Hang up or line fail                    E.2) Busy
E.3) No answer                               E.4) No facsimile connection

LAW OFFICES OF

# BROCK & STOUT

MICHAEL D. BROCK                                    Consumer Law Division

GARY W. STOUT             Mailing Address            DAVID G. POSTON
                   POST OFFICE DRAWER 311167
                   ENTERPRISE, ALABAMA 36331-1167
QUINN E. BROCK          TEL: (334) 393-4357         WALTER A. BLAKENEY
                        FAX: (334) 671-2689

### FACSIMILE COVER PAGE

TO: _Charles N. Parnell, III._

BUSINESS OR
FIRM NAME: _Parnell & Crum, P.A._

NUMBER SENT TO: _(334)293-3560_

DATE: _12/20/07_

FROM: _Christal Robertson_

RE: _Hagler v. Palisades Collection_

NUMBER OF PAGES INCLUDING THIS ONE: _2_

COMMENTS: _____

*****************************************************************

This is a transmission from the law firm of Brock & Stout, LLC., and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (334) 671-5555. The contact information is only for the purpose of contacting the sender and does not constitute the signature of the sender nor does it indicate the acceptance or agreement of the sender to the contents thereof.

Dothan Location: 380 Parkwest Circle • Suite 1 • Dothan, Alabama 36303-3069
Email: david@circlecitylaw.com • walter@circlecitylaw.com

**EXHIBIT "5"**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JERRY HAGLER, | ) | |
| | ) | |
| PLAINTIFF, | ) | CASE NUMBER: |
| | ) | |
| VS. | ) | 1:07-CV-365 |
| | ) | |
| PALISADES COLLECTION, LLC., | ) | **JURY DEMAND** |
| | ) | |
| DEFENDANT. | ) | |

### PLAINTIFF'S MOTION TO COMPEL

COMES NOW, the Plaintiff, Jerry Hagler, by and through the undersigned attorney, and moves this Honorable Court to compel the Defendant, Palisades Collection, LLC., to answer Interrogatories number one (1) through seventeen (17), and to produce documents or other requests as specified in the Request For Production number one (1) through sixteen (16). The Plaintiff previously propounded the Interrogatories and Request For Production effective October 8, 2007.

Pursuant to Fed. R. Civ. Proc. 37(a)(2)(A), the undersigned certifies that he has in good faith conferred, or attempted to confer, with the Defendant in an effort to obtain answers to the requested discovery. Specifically, the undersigned has corresponded with counsel for the Defendant on December 7, 2007, December 13, 2007, and December 20, 2007, regarding the aforementioned discovery.

WHEREFORE, the Plaintiff moves this Honorable Court to compel the Defendant to answer the requested Interrogatories previously propounded; to produce the requested documents and other items previously requested in the Plaintiff's Request For Production; and for all other relief that is just.

Respectfully submitted this ____ day of January, 2008.

BROCK & STOUT

Walter A. Blakeney, Esq.
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned hereby certify that I have this date served a copy of the foregoing upon Charles N. Parnell, III., Attorney for Defendant, Post Office Box 2189, Montgomery, Alabama 36102-2189, via United States Mail postage prepaid and fully addressed or by electronic mail at cnparnell@parnellcrum.com this ____ day of January, 2008.

Walter A. Blakeney, Esq.

**EXHIBIT "6"**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY HAGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-365-WKW |
| | ) | |
| PALISADES COLLECTION, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff's *Motion to Compel* (Doc. 25, filed January 4,

2008) and Defendant's *Response to Court's Order Dated January 7, 2008* (Doc. 27, filed

January 14, 2008).   After a review of the motion and response, it is, for good cause,

**ORDERED** that the *Motion to Compel* (Doc. 25) is **GRANTED**.

Counsel for the defendant was previously advised by the Court that it would not be

as lenient for a failure to comply with deadlines.  *See* Doc. 24, Order.  While the Court

appreciates the problems outlined in Defendant's response, the fact remains that the

responses are now over two months late.   As such, the discovery requested shall be

propounded **on or before January 25, 2008**.

Additionally, all counsel are reminded of Local Rule 37.1 which requires the

discovery at issue should be attached to the motions.

DONE this 15th day of January, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT "7"**

LAW OFFICES OF
# BROCK & STOUT

**MICHAEL D. BROCK**

**GARY W. STOUT**

**QUINN E. BROCK**

**Mailing Address:**
**POST OFFICE DRAWER 311167**
**ENTERPRISE, ALABAMA 36331-1167**
**TEL: (334) 393-4357**
**FAX: (334) 671-2689**

<u>**Consumer Law Division**</u>

**DAVID G. POSTON**

**WALTER A. BLAKENEY**

January 28, 2008

<u>**VIA FACSIMILE, EMAIL & U.S. MAIL**</u>
(334) 293-3550
Email:  cnparnell@parnellcrum.com
        amurse@parnellcrum.com

Charles N. Parnell, III.
PARNELL & CRUM, P.A.
Post Office Box 2189
Montgomery, Alabama 36102-2189

      RE:    HAGLER V. PALISADES COLLECTION, LLC.

Dear Mr. Parnell:

      On January 15, 2008, the Honorable Terry F. Moorer entered an Order regarding the Plaintiff's Motion To Compel previously filed in this matter.  In his Order, Judge Moorer directed the Defendant to respond to the Plaintiff's Interrogatories as well as the Plaintiff's Requests for Production served on the Defendant on or about October 8, 2007.  The Court's Order specified that "the discovery requested shall be propounded on or before January 25, 2008."

      As of today, January 28, 2008, I have yet to receive the requested discovery responses.  Please forward the Defendant's answers to the Plaintiff's discovery to my office immediately.  If you are in need of additional time to complete these discovery requests, please contact me.  If I have not heard from your office by Wednesday, January 30, 2008, at 5:00 p.m., I will be forced to seek further Court intervention in this matter.

      Sincerely,

Walter A. Blakeney

WAB/car

```
* * * Transmission Result Report(MemoryTX) ( Jan.28. 2008  5:04PM ) * * *
                                                            1) Brock & Stout
                                                            2)
```

Date/Time: Jan.28. 2008  5:03PM

| File<br>No. | Mode | Destination | Pg(s) | Result | Page<br>Not Sent |
|------|------|-------------|-------|--------|------------------|
| 5416 | Memory TX | Parnell & Crum | P.  2 | OK | |

```
---------------------------------------------------------------------------------
Reason for error
    E.1) Hang up or line fail             E.2) Busy
    E.3) No answer                        E.4) No facsimile connection
```

LAW OFFICES OF

# BROCK & STOUT

MICHAEL D. BROCK

GARY W. STOUT

QUINN E. BROCK

**Mailing Address:**
POST OFFICE DRAWER 311167
ENTERPRISE, ALABAMA 36331-1167
TEL: (334) 393-4357
FAX: (334) 671-2689

**Consumer Law Division**

DAVID G. POSTON

WALTER A. BLAKENEY

**FACSIMILE COVER PAGE**

TO: Charles N. Parnell, III.

BUSINESS OR
FIRM NAME: Parnell & Crum, P.A.

NUMBER SENT TO: (334) 2A3-3550

DATE: 1/28/08

FROM: Christal Robertson

RE: Hagler v. Palisades Collection

NUMBER OF PAGES INCLUDING THIS ONE: 2

COMMENTS: Additional copy will be emailed.
Original will be mailed.

This is a transmission from the law firm of Brock & Stout, LLC., and may contain information which is privileged, confidential, and protected by the attorney client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (334) 671-5555. The contact information is only for the purpose of contacting the sender and does not constitute the signature of the sender nor does it indicate the acceptance or agreement of the sender to the contents thereof.

Dothan Location: 100 Parkwest Circle • Suite 1 • Dothan, Alabama 36303-3069
Email: david@circlecitylaw.com • walter@circlecitylaw.com